STATE OF WEST VIRGINIA

*In re* K.S.

No. 18-1090 (Putnam County 18-JA-24)

FILED

May 24, 2019

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.S., by counsel Christopher C. McClung, appeals the Circuit Court of Putnam County's September 6, 2018, order terminating her parental rights to K.S., who is sixteen years old.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Lisa A. Estes, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2018, the DHHR filed an abuse and neglect petition that alleged petitioner had a history of drug addiction and relapsed in the months preceding the petition's filing. According to the DHHR, petitioner would become paranoid and have "hallucinations of people after her"; had "conversations with people that [were] not there"; and believed "cameras were in the photos in the home and . . . smash[ed] them to destroy the cameras." Police were called due to petitioner's behavior on several occasions and "suggested a mental hygiene." The DHHR alleged

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner raises no assignment of error regarding the circuit court's termination of her parental rights.

that petitioner's behavior scared the child. Despite both petitioner's boyfriend and the child providing statements about petitioner's behavior, she continued to deny that she ever heard voices or spoke to people who were not present. Petitioner initially denied drug usage but eventually admitted to using half a gram of methamphetamine daily during the course of the Child Protective Services ("CPS") investigation. Petitioner also informed the CPS worker that "people can still be good parents and use drugs or alcohol." Additionally, during the investigation, petitioner accused the CPS worker of conspiring with her boyfriend to fabricate the allegations against her. A CPS worker's conversations with the child outside petitioner's presence corroborated her erratic, paranoid behavior and established that the child had called law enforcement about the behavior approximately five times.

The petition further alleged that, in February of 2018, petitioner was arrested for obstructing an officer and assault on an officer. These charges stemmed from law enforcement's response to a domestic incident between petitioner and the child that began due to the child's intention to file a mental hygiene petition against petitioner. When law enforcement arrived, petitioner attempted to strike an officer and further fought with officers when restrained. Prior to the petition's filing, CPS arranged for petitioner to receive services to assist with her substance abuse and related issues. Petitioner agreed to undergo certain services, but the child later contacted CPS to inform them that petitioner was continuing to behave erratically. The child had left the home to stay with a friend, and petitioner contacted police to report the child had run away. After the child returned to the home, law enforcement responded to an incident wherein petitioner "was hitting the child." CPS attempted to implement a temporary protection plan but petitioner refused to sign the document. As a result, CPS took emergency custody of the child and filed the instant petition. At a subsequent preliminary hearing, the circuit court ratified the DHHR's emergency custody of the child.

In May of 2018, the DHHR presented multiple witnesses at an adjudicatory hearing who testified regarding the petition's allegations. The circuit court also took in-camera testimony from the child. Petitioner moved for visitation with the child, but the circuit court held the motion in abeyance. This was based, in part, upon a pending domestic violence protective order in place against petitioner on behalf of the child and her uncle, with whom she had been placed. The circuit court continued the hearing until July of 2018. Petitioner appeared for the continued adjudicatory hearing even though she was incarcerated. The DHHR presented additional witnesses who testified concerning the petition's allegations. Based on the evidence, the circuit court adjudicated petitioner as an abusing parent based upon her "regular and frequent use[] of methamphetamine" and the fact that this abuse "seriously impaired her parenting skills and abilities."

In August of 2018, the circuit court held a dispositional hearing. Petitioner did not appear for the hearing, even though she was no longer incarcerated, but was represented by counsel. Despite notice of a multidisciplinary team ("MDT") meeting held before the dispositional hearing, petitioner failed to appear for that meeting as well. Based upon the evidence, the circuit court found that petitioner "failed to acknowledge or address any of her behaviors that led to being adjudicated an abusing parent." The circuit court further found that petitioner continued to behave erratically and was not amenable to treatment. Accordingly, the circuit court found that there was no reasonable likelihood the conditions of abuse and neglect could be substantially

corrected and that the child's welfare required termination of petitioner's parental rights. As such, the circuit court terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, the Court finds no error in the proceedings below.

In support of her assignment of error, petitioner argues that "she would be able . . . and willing to comply with the terms and conditions of an improvement period" and that she demonstrated as much by clear and convincing evidence below. She further asserts that she "was not able to participate in DHHR services during a portion of the proceedings due to incarceration." As such, she asserts that it was error for the circuit court to deny her an improvement period.[4] We note, however, that petitioner cites to no evidence in the record to

---

[3]The child's father is deceased. The permanency plan for the child is a legal guardianship with the current foster family.

[4]In support of this assignment of error, petitioner also argues that she "disputes the allegations of substance abuse issues that affect her ability to parent her child, the validity of the claims made by the child, and that she was abusing and/or neglectful of the child." We note, however, that petitioner has not set forth a separate assignment of error regarding the sufficiency of the evidence upon which she was adjudicated. Pursuant to Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure, a petitioner's brief must contain a "list of the assignments of error that are presented for review, expressed in terms and circumstances of the case." Additionally, petitioner provides no relevant authority concerning adjudication in abuse and neglect proceedings, no citation to the record to establish what evidence, if any, she believes was insufficient in regard to her adjudication, and no argument wherein she asserts how the circuit court's factual findings and legal conclusions at adjudication are erroneous. Rule 10(c)(7) requires that

(continued . . . )

3

support her assertion that she proved she was likely to fully comply with services. On the contrary, the record shows that petitioner could not satisfy this burden and that the circuit court did not err in denying petitioner an improvement period.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period.'" *In re: Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004). Petitioner has cited no evidence to support her assertion that she was likely to fully comply with an improvement period. Instead, the record shows that petitioner "failed to acknowledge or address any of her behaviors that led to be being adjudicated an abusing parent." As this Court has previously held,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.*, 215 W. Va. at 217, 599 S.E.2d at 640).

---

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal . . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief in regard to this argument is inadequate as it fails to comply with Rule 10(c) and our December 10, 2012, administrative order. Accordingly, the Court will not address this argument on appeal.

Further, petitioner attempts to rely on her incarceration during the proceedings to argue that she could not have complied with services during that period. However, she fails to recognize that, following her release from incarceration, she did not attend an MDT meeting in order to address the issues that necessitated the petition's filing and additionally failed to attend the dispositional hearing. As such, the circuit court found that petitioner's "failure to appear at [the dispositional] hearing is further evidence of her lack of compliance." Therefore, petitioner's argument regarding the impact of her incarceration on her ability to comply with services is not persuasive. Based on the foregoing, we find no error in the circuit court's denial of petitioner's request for an improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 6, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  May 24, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5